MANDAN NEWS, a corporation, Appellant, v. H. L. HENKE, as President of the Board of City Commissioners, and W. H. SEITZ, as City Auditor of the City of Mandan, North Dakota, Respondents.

(184 N. W. 991.)

Mandamus — city officers may not be compelled to issue warrants on general fund, after having offered to issue warrants on special fund for same debt.

1. Plaintiff brought an action of mandamus to compel defendants to issue to it certain warrants drawn on the general funds of the city of Mandan, they having theretofore declined to issue such warrants, but offered to issue warrants drawn on the special street lighting fund, claiming that the proper one against which the warrants should be drawn.

The Court declined to issue the Writ of Mandamus and for reasons stated in the opinion, it is *held*, its refusal to do so was not error.

Refusal to grant mandamus against defendant held not error.

2. The Court did not err in granting judgment in favor of defendants.

Opinion filed Oct. 13, 1921.

Appeal from a judgment of the District Court of Morton county, *Berry*, J.

Judgment affirmed.

*Charles L. Crum*, and *T. J. Krause*, for appellants.

Mandamus is the proper remedy to enforce the payment by a municipal corporation of an official salary, the amount of which is fixed." Speed v. Common Council of City of Detroit et al, 100 Mich. 92; 58 N. W. 638; McBride v. Grand Rapids, 47 Mich. 236; 10 N. W. 353 followed.

*L. H. Connolly,* for respondents.

The cost of special improvement must be raised through special assessment of the property abutting upon and benefitted by the improvement and without cost to the general taxpayer. Pine Tree Lumber Co. v. City of Fargo, 12 N. D. 360.

GRACE, C. J. This action is one where the plaintiff sought to procure the district court of Morton county to issue a peremptory writ of mandamus against the president of the board of city commissioners and the city auditor of the city of Mandan, to compel them to issue warrants for the amounts hereinafter mentioned against the general funds of the city.

The case was tried by the court. It refused to issue the writ, and dismissed the action.

The material facts are as follows: During the year 1919 and 1920 the city of Mandan installed a special system of street lighting, under § 3745 of the Compiled Laws of North Dakota of 1913, as amended by chap. 69 of the Session Laws of 1915. A special street lighting district and a special assessment fund for said district were created. The plaintiff published the resolutions in connection therewith, and certain notices for bids. At the time of these publications, no special fund had been provided, the special street lighting system not having been at this time fully established. At the time these publications were made, no question was raised about the method of paying the printer for the publication of them. Subsequently the street lighting system was established in accordance with the laws above mentioned, and the city made contracts for the installation of the lighting system. The commission levied special assessments upon the property within the improvement district, subject to levy for the cost of the lighting system, and afterward plaintiff published the special assessment list, giving two publications thereof. It presented two bills to the city: One for $280.72, which was allowed November 8, 1920; the other for $292.16, which was allowed December

6, 1920. At the time they were allowed, the city had made provision for a fund, designated street lighting district No. 1 fund of the city of Mandan, N. D.

After the bill for $280.72 had been allowed by the city commissioners, the defendants issued a warrant for that sum drawn on the special street lighting fund. This was handed to Mr. Roth, vice president of the board of directors of the plaintiff corporation. At the time he received it he did not examine it, but soon afterward did, and, on finding that it was drawn on the special street lighting fund, returned it to the city auditor and informed him that the plaintiff refused to accept it, because it was not drawn on the general fund. The auditor offered plaintiff warrants drawn on the special street lighting fund, which offer was refused, and warrants on the general fund demanded.

Chap. 69 of the Laws of 1915, supra, provide in part as follows:

"If the owners of the majority of the property abutting street or streets where said lighting system is to be installed, shall not within ten days after the last publication of said notice protest against said lighting system or improvement, then the majority of such owners shall be deemed to have consented thereto, and such city may proceed to provide for the construction of such improvement and to assess the costs thereof against the abutting property in the same manner and with the same notice and according to the same forms and procedure as now provided by statute for the construction and assessment of street paving; and upon such proceedings being taken and completed, the cost of such construction or such part thereof as the counsel or commission shall deem proper, be assessed against the abutting property in the same manner and according to the same form as now provided by law for the assessment of the cost of street paving."

§ 3726, Compiled Laws of 1913, provides how special assessments shall be made in case of the construction of sewers, paving, etc., to pay the costs thereof, or such part thereof as is to be paid by special assessment, including all expense in making such assessment, publishing necessary notices with reference thereto, etc. As the cost of the special lighting system is to be assessed against the abutting property in the same manner, and with the same notice, and according to the same forms and procedure as now provided by statute for the construction and assessment of street paving, and as § 3726, with reference to street paving, designates publication of notices as part of the expense and costs of con-

struction of the pavement, it would seem that the cost of publication of notices in connection with the establishment of a special street lighting system, or of special assessments therein to be levied, should be considered a part of the cost of construction thereof. With what above has been stated in mind, we may proceed to a disposition of the questions here presented.

This action, as above stated, being one to procure the issuance of a peremptory writ of mandamus for the purpose above mentioned, it is incumbent upon the plaintiff to show that it is the plain legal duty of the defendants to perform the act which it seeks to compel by the writ, and to further show, otherwise than by a mandamus proceeding, that the plaintiff had no plain, speedy, or adequate remedy. From what has above been said, it is clear that no such plain legal duty rested on the defendants. Hence the court, in the circumstances of this case, was fully justified in refusing the issuance of the writ.

The only errors assigned on this appeal are that the court erred in granting the judgment from which appeal had been taken, and further erred in dismissing the action. It is clear that the court erred in neither respect.

The judgment appealed from is affirmed. The respondents are entitled to their costs and disbursements on appeal.

BIRDZELL and ROBINSON, JJ., concur.

BRONSON, J., concurs in the result.

CHRISTIANSON, J. (concurring). The publication of the necessary notices relating to an improvement, to be paid for by special assessments against the property benefited, under article 20, c. 44, Political Code, Comp. Laws 1913, is a proper item of the cost of the improvement. § 3726, C. L. 1913.

A city has power, subject to the debt limit provisions of the constitution, to provide that not exceeding one-fifth of the cost of certain local improvements be paid by general taxation. § 3723, C. L. 1913. But it is averred in the return of the defendants in this case that special assessments were levied to pay all the costs of the improvement, including all expenses incident thereto. Hence, under the facts shown to exist in this case, the plaintiff's claim was properly allowable against, and payable by warrant drawn upon, the special assessment fund; and plaintiff was not entitled to a warrant drawn upon the general fund of the city.